LARRY C. RUSS, State Bar No. 82760
NATHAN D. MEYER, State Bar No. 239850
JUSTIN E. MAIO, State Bar No. 304428
RUSS, AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991

*Attorneys for Plaintiff*
*SANDOW + FRED SEGAL, LLC*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDOW + FRED SEGAL, LLC, a Delaware Limited Liability Company<br><br>Plaintiff,<br><br>v.<br><br>GREGORY'S dba GREGORY'S SHOES and GREGORYSSHOES.COM, a California entity of unknown form, JONATHAN HARRIS, an individual,<br><br>Defendants. | Case No. 2:16-cv-3740<br><br>COMPLAINT FOR:<br>(1) TRADEMARK INFRINGEMENT;<br>(2) UNFAIR COMPETITION UNDER CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200; AND<br>(3) COMMON LAW UNFAIR COMPETITION<br>(4) ACCOUNTING<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Sandow + Fred Segal, LLC ("Plaintiff" or "Sandow + Fred Segal") alleges as follows against defendants Gregory's dba Gregory's Shoes and Gregorysshoes.com ("Gregory's Shoes") and Jonathan Harris ("Harris") (collectively "Defendants"):

1.  This case arises from Defendants' intentional infringement and violation of Plaintiff's protected "Fred Segal" trademarks (collectively, "Fred Segal Marks") with the following particulars:

| Mark | Ser. No.<br>Filing Date | Reg. No.<br>Reg. Date | Goods/Services |
|---|---|---|---|
| FRED SEGAL | 78848457<br>Mar. 21, 2006 | 3205793<br>Feb. 6, 2007 | 25 – Clothing, men's, women's, children's and infant's sportswear and apparel and any other clothing items generally sold in clothing and sportswear retail shops and stores, namely, athletic footwear, athletic shoes, bathing suits, bathing trunks, bathrobes, beach cover-ups, beachwear, belts, berets, cloth bibs, bibs not of cloth or paper, bikinis, blouses, bodysuits, boots, bow ties, boxer shorts, bras, brassieres, briefs, bustiers, camisoles, caps, chemises, coats, cover-ups, dresses, dressing gowns, evening gowns, gloves, golf shirts, golf shoes, gowns, gym shorts, halter tops, hats, head wear, hosiery, housecoats, infant wear, jackets, jeans, jerseys, jogging suits, jumpers, jumpsuits, knit shirts, leather coats, leather jackets, leggings, leotards, lingerie, loungewear, maillots, miniskirts, mittens, ear muffs, neckties, nightgowns, night shirts, overalls, overcoats, pajamas, panties, pants, pantsuits, pantyhose, pareu, parkas, playsuits, polo shirts, pullovers, rain coats, rainwear, sandals, sarongs, sashes, scarves, shawls, shirts, shoes, sweat shorts, ski wear, skirts, slacks, |

| | | | |
|---|---|---|---|
| | | | sleepwear, slippers, slips, socks, thermal socks, sports coats, sports shirts, stockings, stoles, suit coats, suits, warm-up suits, sun visors, suspenders, sweat shirts, sweat shorts, sweaters, sweat socks, swim trunks, swimwear, swimsuits, t-shirts, tank tops, tap pants, tennis wear, topcoats, tank tops, tracksuits, trousers, tunics, turtleneck sweaters, turtlenecks, tuxedos, underclothes, undergarments, underpants, undershirts, underwear, unitards, v-neck sweaters, veils, vested suits, vests, waistcoats, foul weather gear, wedding gowns, wetsuits, wind-resistant jackets and wraps |
| Fred Segal | 72332744 Jul. 16, 1969 | 0895094 Jul. 21, 1970 | 25 – Wearing Apparel, Such As Pants, Suits, Jackets, Belts, Shirts, Sweaters, And Scarfs |
| FRED SEGAL | 78848440 Mar. 28, 2006 | 3290672 Sep. 11, 2007 | 35 – Retail store services featuring clothing, headwear, footwear, eyewear, jewelry, gifts, cosmetics, fragrances, fashion accessories, and small leather goods |
| Fred Segal | 78848448 Mar. 28, 2006 | 3290673 Sep. 11, 2007 | 35 – Retail store services featuring clothing, headwear, footwear, eyewear, jewelry, gifts, cosmetics, fragrances, fashion accessories, and small leather goods |

2. Plaintiff is the exclusive licensee of the Fred Segal Marks. The Fred Segal name and trademark has been in continuous use in commerce by Plaintiff and before that, its predecessor-in-interest, since 1970.

3. Notwithstanding correspondences and warnings over a period of several years, Defendants have been misappropriating for a period unknown to Plaintiff and will likely continue to misappropriate the Fred Segal Marks by placing them on their own products and using Fred Segal Feet for retail services, all in an intentional violation of Plaintiff's rights (collectively "Defendants' Infringing Uses"). The following are examples of Defendants' Infringing Uses on its website Gregorysshoes.com and its Facebook page:

4. Plaintiff is informed, believes and based thereon alleges that Defendants' conduct is willful, wanton malicious and in conscious disregard of Plaintiff's rights.

## Parties

5. Plaintiff Sandow + Fred Segal, LLC ("Plaintiff" or "Sandow + Fred Segal") is a Delaware limited liability company with its principal place of business in Boca Raton, Florida.

6. Plaintiff is informed, believes and based thereon alleges that Defendant Gregory's dba Gregory Shoes and Gregoryshoes.com ("Gregory's

Shoes") is an entity of unknown form with its principal place of business in the County of Los Angeles, State of California.

7. Plaintiff is informed, believes and based thereon alleges Defendant Jonathan Harris ("Harris") is an individual who is the owner, principal, founder, strategist and controlling person of Gregory's Shoes and resides and conducts business in the County of Los Angeles, State of California.

8. Plaintiff is informed, believes and based thereon allege that at all material times, to the extent that Gregory's Shoes is even a separate entity, Harris was the alter ego of Gregory's Shoes and vice versa. Plaintiff is informed, believes and based thereon alleges that, (i) there was, is and continues to be a unity of interest between Gregory's Shoes and Harris, such that individuality and separateness between them does not exist, (ii) they commingle their finances and affairs, (iii) they inadequately capitalize Gregory's Shoes, (iv) they are the alter egos of each other, and/or (v) adherence to the fiction of the separate existence of Gregory's Shoes and Harris, particularly including without limitation any assertion of isolated corporate liability and no Harris liability, is inequitable and would allow and encourage fraud and promote injustice.

9. Plaintiff and Defendants offer retail store and online retail services featuring clothing, headwear, footwear, eyewear, handbags, jewelry, gifts, fashion accessories and small leather goods.

## Jurisdiction and Venue

10. This is an action for registered trademark infringement in violation of §§ 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and unfair competition under California state law, which activities have occurred in this district and elsewhere in interstate commerce within the United States.

11. This court has jurisdiction pursuant to § 39 of the Lanham Act 15 U.S.C. § 1121, 28 U.S.C. § 1331 and §§ 1338(a) and (b). This court has jurisdiction over claims in this complaint that arise under California state law

pursuant to 28 U.S.C. § 1367 as the California state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative fact.

12. Defendants are subject to personal jurisdiction in this district and court because Defendants reside, are headquartered in, conduct business in and/or conducted a substantial part of, if not all of, their infringing and violating conduct in this district.

13. Venue in this district and court is proper pursuant to 28 U.S.C. § 1391 because Defendants reside, are headquartered in, conduct business in and/or conducted a substantial part of, if not all of, their infringing and violating conduct in this district and because all parties are subject to personal jurisdiction and venue in this district and court.

14. Plaintiff is in the business of retail store and online retail services. The Fred Segal trademark has been in continuous use in commerce by Plaintiff, and before that, its predecessor-in-interest, since 1970.

15. Plaintiff is the exclusive licensee of all right, title and interest in the Fred Segal Marks and the corresponding Certificates of Registration.

16. For decades, Plaintiff's predecessor-in-interest operated a retail location, with tenants, under the name "Fred Segal" on Melrose Avenue in Los Angeles.

17. Among those tenants was a company operating under the name "Fred Segal Feet." The terms of that tenant's lease permitted it to use the name "Fred Segal Feet" in connection with its retail store only, and were limited to that tenant only. The limited license was not assignable.

18. Despite this nonassignment provision, the original tenant assigned its lease to Defendants. Defendants then began using the name "Fred Segal Feet" in connection with Defendants' brick-and-mortar business, and also in connection with online sales, defined above and more fully as Defendants Infringing Uses.

Defendants were never granted permission to use "Fred Segal" in any context whatsoever by Plaintiff or its predecessor-in-interest.

19.  In 2014 and for two years following, Plaintiff demanded that Defendants cease and desist Defendants' Infringing Uses, but Defendants have willfully failed to comply and cease and desist doing so.

### First Claim for Relief: Trademark Infringement Against All Defendants

20.  Plaintiff repeats the allegations of paragraphs 1-19, *supra*, and incorporates them by reference as if herein set forth in their entirety.

21.  From 1970, the Fred Segal trademark has been in use in interstate commerce to identify the source of its goods and services and to distinguish it from others by prominently displaying the Fred Segal trademark in connection with its goods and services.

22.  Defendants' Infringing Uses, including without limitation "Fred Segal Feet," are in imitation, infringement and violation of Plaintiff's Fred Segal Marks and intended to steal and trade on the goodwill created by Plaintiff.

23.  Defendants have, without permission, willfully and with the intention of benefiting from the reputation and goodwill of Sandow + Fred Segal, offered services under Defendants' Infringing Uses, including without limitation "Fred Segal Feet."

24.  Plaintiff is informed, believes and based thereon alleges that in addition to Harris creating and using Defendants' Infringing Uses, Harris directs, controls and causes Gregory's Shoes also to do so.

25.  There is a substantial likelihood of confusion on the part of the public and clients regarding and between the Fred Segal Marks and Defendants' Infringing Uses.

26.  Defendants intended to and/or are likely to deceive, divert and usurp clients and business away from Plaintiff.

27. Defendants' conduct and Defendants' Infringing Uses constitute trademark infringement in violation of § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and § 32 of the Lanham Act (15 U.S.C. § 1114), which prohibit the use in commerce in connection with the sale of goods or rendering of any services of any word, term, name, symbol or device, or any combination thereof, that is likely to cause confusion, or to cause mistake, or to deceive as to the source of the goods or services.

28. As a direct and proximate result of Defendants' intentional, willful and wanton conduct and Defendants' Infringing Uses, Plaintiff has been injured and will continue to suffer irreparable harm and injury to its business, reputation and goodwill unless Defendants are restrained from infringing Plaintiff's Fred Segal Marks, including without limitation being restrained from using Defendants' Infringing Uses.

29. Plaintiff has no fully complete and adequate remedy at law and is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1114 and 1116(d).

30. Plaintiff is entitled to recover actual damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a); treble damages pursuant to 15 U.S.C. § 1117(a) and (b); attorney's fees and costs pursuant to 15 U.S.C. § 1117(a); seizure of all infringing goods pursuant to 15 U.S.C. § 1116(d); and impoundment and destruction of all infringing goods pursuant to 15 U.S.C. § 1118.

**Second Claim for Relief: Unfair Competition Under California Business & Professions Code §§ 17200 *Et Seq*. Against All Defendants**

31. Plaintiff repeats the allegations of paragraphs 1-30, *supra*, and incorporates them by reference as if herein set forth in their entirety.

32. Defendants' acts and conduct constitute unfair competition and misappropriation of Plaintiff's trademark and related rights in violation of California Business & Professions Code §§ 17200 *et seq*.

33. Defendants misappropriated, including in bad faith, the labors and expenditures of Plaintiff and its predecessors.

34. As a direct and proximate result of Defendants' unlawful, unfair and/or fraudulent business practices including without limitation Defendants' Infringing Uses, Plaintiff has suffered, and will continue to suffer, irreparable harm and injury.

35. Plaintiff has no fully complete and adequate remedy at law, and Defendants' conduct has caused and will continue to cause irreparable harm and injury to Plaintiff's business, reputation and goodwill.

36. Plaintiff is entitled to an injunction prohibiting Defendants from continuing its actionable misconduct including without limitation Defendants' Infringing Uses, and Plaintiff is entitled to restitution of all amounts acquired by Defendants by means of such wrongful act.

## Third Claim for Relief: Common Law Unfair Competition
## Against All Defendants

37. Plaintiff repeats the allegations of paragraphs 1-36, *supra,* and incorporates them by reference as if herein set forth in their entirety.

38. Defendants' actionable misconduct is intended to and/or likely to cause confusion, misrepresentation, mistake and/or deceive the public and clients as to the affiliation, approval, sponsorship, or connection between Plaintiff and Defendants, and therefore constitutes common law unfair competition under California law.

39. Plaintiff has been damaged and will continue to be damaged by Defendants' actionable misconduct.

40. Defendants' actionable misconduct is causing and will continue to cause Plaintiff to suffer irreparable harm and injury and, unless Defendants are restrained from so acting including Defendants' Infringing Uses, Plaintiff will

continue to be so damaged because it has no fully complete and adequate remedy at law.

41. Accordingly, Plaintiff respectfully requests that Defendants be enjoined from continuing their actionable misconduct including without limitation Defendants' Infringing Uses, and that Plaintiff be awarded damages in an amount to be determined at trial.

42. Plaintiff is informed, believes and based thereon alleges that Defendants' conduct was willful, wanton malicious and in conscious disregard of Plaintiff's rights, justifying an award of punitive and/or exemplary damages in an amount to be proven at trial.

### Fourth Claim for Relief: Accounting Against All Defendants

43. Plaintiff repeats the allegations of paragraphs 1-42, *supra*, and incorporates them by reference as if herein set forth in their entirety.

44. Plaintiff is informed, believes and based thereon alleges that Defendants have acquired significant gains, profits and advantages as a direct result of misappropriating the Fred Segal Marks for a period unknown to Plaintiff.

45. Accordingly, Plaintiff respectfully requests an Accounting of all of Defendants' gains, profits and advantages from their trademark infringement and unfair competition, including with limitation Defendants' Infringing Uses, for a period of five years.

### Prayer for Relief

Wherefore, Plaintiff prays for relief and judgment jointly and severally against Defendants as follows:

1. An order enjoining each of Defendants from engaging in, offering and/or providing goods or services in connection with any name or art or dress identical to or confusingly similar to Plaintiff's Fred Segal Marks, including without limitation Defendants' Infringing Uses;

2. For an accounting to be performed to identify Defendants' actual gains, profits and advantages from their trademark infringement and unfair competition, including with limitation Defendants' Infringing Uses, for a period of five years.

3. For an award of each of Defendants gains, profits and advantages derived from their trademark infringement and unfair competition, including without limitation Defendants' Infringing Uses.

4. For treble damages pursuant to 15 U.S.C. §§ 1117(a) and (b);

5. For punitive damages;

6. Declaring this to be an exceptional case within the meaning of 15 U.S.C. § 1117;

7. For Plaintiff's expenses and attorney's fees pursuant to 15 U.S.C. § 1117(a); and

8. For such other relief as the court deems just, equitable and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff Sandow + Fred Segal, LLC demands trial by jury on all issues.

Dated: May 27, 2016

RUSS, AUGUST & KABAT
LARRY C. RUSS (SBN 82760)
Email: lruss@raklaw.com
NATHAN D. MEYER (SBN 239850)
Email: nmeyer@raklaw.com
JUSTIN E. MAIO (SBN 304428)
Email: jmaio@raklaw.com
12th Floor
12424 Wilshire Boulevard
Los Angeles, California 90025
Telephone: 310-826-7474
Facsimile: 310-826-6991

By: */s/ Larry C. Russ*
Larry C. Russ

*Attorneys for Plaintiff
Sandow + Fred Segal, LLC*