UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDOW FRED SEGAL LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>GREGORYS, et al.,<br><br>    Defendants. | No.  CV 16-3740 PA (JCx)<br><br>PROTECTIVE ORDER CONCERNING CONFIDENTIAL INFORMATION |

The Court enters the following protective order:

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). Confidential information is trade secrets, proprietary information, and other highly confidential commercial information, or material required to be kept confidential by state or federal law.

2. By designating a document, thing, material, testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.  Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.  Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5.  Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6.  Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

   (a)  a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

   (b)  experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

   (c)  court reporter(s) employed in this action;

   (d)  a witness at any deposition or other proceeding in this action; and

   (e)  any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment

1  A, a copy of which shall be provided forthwith to counsel for each other party and for the
2  parties.

3      7.    Only qualified persons may attend depositions at which Confidential Material
4  is used or discussed.

5      8.    The parties may further designate certain discovery material or testimony of a
6  highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES
7  ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in
8  paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the information contained
9  therein, shall be disclosed only to the Court, to counsel for the parties (including the
10 paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified
11 persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party,
12 or to an officer, director or employee of a party, unless otherwise agreed or ordered.  If
13 disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other
14 provisions in this order with respect to confidentiality shall also apply.

15     9.    Nothing herein shall impose any restrictions on the use or disclosure by a party
16 of material obtained by such party independent of discovery in this action, whether or not
17 such material is also obtained through discovery in this action, or from disclosing its own
18 Confidential Material as it deems appropriate.

19     10.    If Confidential Material, including any portion of a deposition transcript
20 designated as Confidential or Attorney's Eyes Only, is included in any papers to be filed with
21 the Court, such papers shall be accompanied by an application to (a) file the confidential
22 portions thereof under seal (if such portions are segregable), or (b) file the papers in their
23 entirety under seal (if the confidential portions are not segregable).  The application shall be
24 filed in accordance with Local Rule 79-5 and directed to the judge to whom the papers are
25 directed.  Pending the ruling on the application, the papers or portions thereof subject to the
26 sealing application shall be lodged under seal.

27     11.    This Order shall be without prejudice to the right of the parties (i) to bring
28 before the Court at any time the question of whether any particular document or information

1  is confidential or whether its use should be restricted or (ii) to present a motion to the Court
2  under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or
3  information, including restrictions differing from those as specified herein.  This Order shall
4  not be deemed to prejudice the parties in any way in any future application for modification
5  of this Order.

6        12.     This Order is entered solely for the purpose of facilitating the exchange of
7  documents and information between the parties to this action without involving the Court
8  unnecessarily in the process.  Nothing in this Order nor the production of any information or
9  document under the terms of this Order nor any proceedings pursuant to this Order shall be
10 deemed to have the effect of an admission or waiver by either party or of altering the
11 confidentiality or nonconfidentiality of any such document or information or altering any
12 existing obligation of any party or the absence thereof.

13       13.     This Order shall survive the final termination of this action, to the extent that
14 the information contained in Confidential Material is not or does not become known to the
15 public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of
16 information disclosed hereunder.  Upon termination of this case, counsel for the parties shall
17 assemble and return to each other all documents, material and deposition transcripts
18 designated as confidential and all copies of same, or shall certify the destruction thereof.

19       IT IS SO ORDERED.

21  DATED:  August 23, 2016

_____
Percy Anderson
UNITED STATES DISTRICT JUDGE

Attachment A

**Nondisclosure Agreement**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in <u>Sandow Fred Segal LLC v. Gregorys, et al.</u>, United States District Court for the Central District of California, Civil Action No. CV 16-3740 PA (JCx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of the Court.  I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure agreement.

DATED:                                             _____
                                                                   [Name of Signator Typed]